# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re*: **R.H. and J.H.**

**No. 16-1118** (Calhoun County 15-JA-49 & 15-JA-50)

**FILED**

**June 16, 2017**
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother D.P., by counsel David B. Richardson, appeals the Circuit Court of Calhoun County's September 16, 2016, order terminating her parental rights to then six-year-old R.H. and one-year-old J.H.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Tony Morgan, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her post-adjudicatory improvement period and in terminating her parental rights to the children when termination was not in their best interests.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2015, the DHHR filed an abuse and neglect petition against the children's parents. In its petition, the DHHR claimed that the parents endangered the children by using controlled substances while caring for them and by engaging in domestic violence in the their presence. Thereafter, petitioner stipulated to the allegations in the petition and was adjudicated as an abusing parent.[2]

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]While petitioner was referred to below as "an abusive and neglectful parent," we note that the phrase "neglectful parent" does not appear in the statutory framework for abuse and neglect proceedings in this State. Instead, West Virginia Code § 49-1-201 defines "abusing parent" as "a parent . . . whose conduct has been adjudicated by the court to constitute child abuse or neglect as alleged in the petition charging child abuse or neglect." (Emphasis added.) As such, the Court will refer to petitioner as an "abusing parent" in this memorandum decision, as that phrase encompasses parents who have been adjudicated of abuse and/or neglect.

In December of 2015, at the time scheduled for the dispositional hearing, petitioner was granted a post-adjudicatory improvement period. While unclear from the limited record on appeal, the terms of petitioner's improvement period included, at a minimum, her participation in and substantial completion of the following services: parenting and adult life skills education; drug screens; a substance abuse assessment; and individualized therapy.

In February of 2016, the circuit court held a review hearing on petitioner's improvement period. She failed to appear in person, and her counsel indicated that he did not know her whereabouts but she had notice of the hearing. Thereafter, the DHHR filed a motion to terminate petitioner's improvement period and her parental rights to the children based on her non-compliance with the terms of her improvement period.

In June of 2016, following a continuance, the circuit court held a dispositional hearing. Several of petitioner's service providers testified that she failed to consistently attend and participate in any of her required services. The circuit court terminated petitioner's improvement period and scheduled the matter for final disposition.

In September of 2016, the circuit court held a final dispositional hearing. Petitioner did not initially appear in person, but was represented by counsel. The DHHR argued that the circumstances that led to the abuse and neglect had not changed. It asserted that petitioner failed to demonstrate any improvement while on her improvement period, and she failed to demonstrate any change in circumstances that would warrant a less-restrictive alternative than termination of her parental rights. The guardian agreed with the DHHR. Petitioner's counsel had no evidence to present at disposition. Based on the evidence and argument, the circuit court terminated petitioner's parental rights to the children.

Following this ruling, petitioner appeared in person. The circuit court granted petitioner and her counsel a brief recess, after which petitioner indicated that she had no new evidence to present. By order entered on September 16, 2016, the circuit court terminated petitioner's parental rights to the children.[3] In its order, the circuit court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially correct and that termination was in the children's best interests. This appeal followed.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire

---

[3]Petitioner's parental rights to both children were terminated below. According to the guardian and the DHHR, both children were permanently placed in the custody of their father, who successfully completed his improvement period.

evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner first argues that the circuit court erred in terminating her post-adjudicatory improvement period. With regard to the termination of improvement periods, West Virginia Code § 49-4-610 provides that a circuit court may grant, extend, or terminate an improvement period. West Virginia Code § 49-4-610(7) requires the termination of an improvement period "when the court finds that [a parent] has failed to fully participate in the terms of the improvement period." Additionally, we have long held that "[i]t is within the court's discretion . . . to terminate the improvement period . . . if the court is not satisfied that the [parent] is making the necessary progress." Syl. Pt. 2, *In re Lacey P.*, 189 W.Va. 580, 433 S.E.2d 518 (1993).

Contrary to petitioner's claims on appeal, the evidence that she failed to fully participate in her improvement period is overwhelming. Several witnesses testified that petitioner failed to consistently attend and participate in any services offered to her in an effort to correct the conditions of abuse and neglect. Based on the record on appeal, the parties' arguments, and pertinent legal authority, we find no merit to petitioner's first assignment of error.

Petitioner's second assignment of error is that termination of her parental rights was not in the children's best interests, contrary to the finding of the circuit court. In all abuse and neglect proceedings, "the best interests of the child is the polar star by which decisions must be made which affect children." *Michael K.T. v. Tina L.T.*, 182 W.Va. 399, 405, 387 S.E.2d 866, 872 (1989) (citation omitted). This Court has repeatedly held that "the primary goal in cases involving abuse and neglect, as in all family law matters, must be the health and welfare of the children." Syl. Pt. 3, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996).

Based on the record before us, it is clear that petitioner failed to substantially correct the conditions of abuse and neglect. At the adjudicatory hearing, petitioner stipulated to using controlled substances while caring for the children, and, at the dispositional hearing, the DHHR sufficiently established that she failed to show any change in her circumstances, including her drug abuse. As these proceedings were pending against petitioner for almost one year, she had ample time and opportunity to comply with necessary services. Under the circumstances of this case, we find no error in the circuit court's ruling that termination was in the children's best interests at the time of the final dispositional hearing.

West Virginia Code § 49-4-604(a)(6) provides that circuit courts are directed to terminate parental rights upon finding that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) provides that no reasonable

likelihood that the conditions of abuse or neglect can be substantially corrected exists when "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts." As discussed above, petitioner failed to respond to or follow through with any of her services during her improvement period. Given this fact and our prior analysis regarding the children's best interests, we find that the factors provided in West Virginia Code § 49-4-604(a)(6) are satisfied in this case. As such, we find no error in the circuit court's termination order.

For the foregoing reasons, we find no error in the decision of the circuit court, and its September 16, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**:  June 16, 2017


**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

4